UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYLANI SIMMONS,<br><br>    Petitioner,<br><br>    v.<br><br>D. ADAMS,<br><br>    Respondent. | Case No. 17-cv-04311-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Leylani Simmons seeks federal habeas relief from her state criminal convictions on the claim that the admission of evidence of prior convictions violated her constitutional rights. Because the state court's rejection of her claim was reasonable, the petition for federal habeas relief is DENIED.

## BACKGROUND

Simmons's drunk driving resulted in the death of her passenger. The facts were summarized by the state appellate court:

> In June 2011, Officer Serbin observed a jeep approach a stop sign at a high rate of speed. The jeep did not stop, but moved into the opposing lane of traffic, passed a car stopped at the sign, and continued on. The officer engaged his lights and sirens and pursued. The jeep sped up and went through another six stop signs without slowing. It occasionally veered into oncoming traffic, requiring other motorists to take evasive action. The pursuing officer had to accelerate to 80 miles per hour to keep pace. The chase ended when the jeep turned and, traveling at about 42 miles per hour, flipped over, killing the passenger. [Simmons], whose blood-alcohol level was later estimated to be between 0.23 percent and 0.24 percent, identified herself as the driver.

(Ans., Ex. 7 (State Appellate Opinion[1]) at 1-2.)

In 2012, a San Mateo Superior Court jury convicted Simmons of second degree murder, gross vehicular manslaughter, and evading a peace officer. (*Id.* at 4.) She pleaded no contest to driving without a license. (*Id.* at 2.) A sentence of 15 years to life in state prison was imposed. (*Id.*) Simmons's attempts to overturn the decision in state court were unsuccessful.

This federal habeas petition followed. Simmons claims the admission of evidence of prior convictions violated her due process rights. Respondent filed an answer in response. Simmons did not file a traverse.

.

**STANDARD OF REVIEW**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

---

[1] *People v. Simmons*, No. A143166, 2016 WL 3351561, at *1 (Cal. Ct. App. Jun. 9, 2016).

2

1

2  "Under the 'unreasonable application' clause, a federal habeas court may grant the
3  writ if the state court identifies the correct governing legal principle from [the] Court's
4  decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at
5  413. "[A] federal habeas court may not issue the writ simply because that court concludes
6  in its independent judgment that the relevant state court decision applied clearly
7  established federal law erroneously or incorrectly. Rather, that application must also be
8  unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application"
9  inquiry should ask whether the state court's application of clearly established federal law
10 was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

Simmons contends that the admission of evidence that she had two prior driving-related convictions violated her right to due process. Such evidence, she believes, was prejudicial.

The trial court admitted evidence of two "prior driving incidents."[2] (Ans., Ex. 7 at 2.) The first occurred in June 2010 when Simmons drove her car at a restaurant manager who had chased after her for leaving the restaurant without paying her bill. (*Id.* at 3.) Her actions resulted in a conviction for reckless driving. (*Id.*)

The second occurred in October 2010 when Simmons was caught drunk driving. (*Id.*) She pleaded guilty to the DUI charge. (*Id.* at 4.) The court informed her that "if she again drove under the influence and someone was killed, she could be charged with murder." (*Id.*) As part of her punishment, Simmons attended a 15-week program for first-time DUI offenders. She attended through June 2011, just before the crash that killed her passenger. "Notes from [Simmons's] sessions contain [her] statements about how she gained an increased awareness of how drinking can make her aggressive and that she had not been driving while intoxicated since starting the program." (*Id.*)

---

[2] Evidence of a third was not admitted because it was considered "too remote and minimal." (Ans., Ex. 7 at 3.)

3

At trial, the prosecutor contended that the June 2010 incident gave Simmons knowledge that reckless driving was illegal and that she knew her vehicle could be used as a weapon. (*Id.*) The October 2010 DUI put Simmons on notice that driving under the influence was illegal and dangerous and that "a future DUI resulting in death could lead to murder charges." (*Id.*)

The trial court instructed the jury to consider the evidence only for the "limited purpose of defendant's knowledge of the danger of driving under the influence or recklessly." (Ans., Ex. 3, Vol. 4 at 322-323.) "Do not conclude from this evidence that the defendant has a bad character or is disposed to commit crime." (*Id.* at 323.)

On appeal, Simmons's claim regarding the admission of this evidence was rejected. "[W]e cannot conclude the trial court exceeded the bounds of reason" by the admission. (*Id.* at 7.) "It is common in drunk driving murder cases for the prosecution to introduce evidence of prior reckless or drunk driving incidents for the purpose of showing defendant's knowledge of the associated risks and hazards." (*Id.* at 5.) Though some evidence portrayed Simmons as "mean spirited and arrogant, and as a petty thief," overall her prior convictions were probative of her knowledge that "driving recklessly and while intoxicated put her and others at grave risk." (*Id.* at 6.) This risk, she was specifically told, might well result in the death of another or herself. (*Id.*) If such a death occurred, she could be charged with murder. (*Id.*) The notes Simmons took during her first offender program reflect that she "made the connection between intoxication and aggression, which she knew from the dine and dash could lead her to reckless behavior." (*Id.*)

A petitioner's due process rights concerning the admission of propensity or character evidence is not clearly established for purposes of review under AEDPA, the Supreme Court having reserved this issue as an "open question." *Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006). Also, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091,

1101 (9th Cir. 2009).

The admission of evidence is not subject to federal review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fair trial guaranteed by due process. *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). Only if there are no permissible inferences that the jury may draw from the evidence can its admission violate due process. *Jammal v. Van De Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).

Simmons's claim lacks merit. First, there is no clearly established Supreme Court law on whether the admission of propensity, prejudicial or irrelevant evidence violates due process. Because there is no clearly established law, there can be no habeas relief. 28 U.S.C. § 2254(d).

Second, the jury could draw permissible inferences about Simmons's criminal intent and knowledge. The prior act evidence was probative on those matters. Of particular importance is that Simmons was informed at her prior state criminal proceedings that if "she again drove under the influence and someone was killed, she could be charged with murder." Here, she was convicted of second degree murder, which requires a finding of "malice aforethought." Cal. Penal Code § 187. Malice "may be implied when a person, knowing that his conduct endangers the life of another, nonetheless acts deliberately with conscious disregard for life." *People v. Watson*, 30 Cal. 3d 290, 296 (Cal. 1981). Conscious disregard can be reasonably found when a person knowingly drives drunk. "One who wilfully consumes alcoholic beverages to the point of intoxication, knowing that he thereafter must operate a motor vehicle, thereby combining sharply impaired physical and mental faculties with a vehicle capable of great force and speed, reasonably may be held to exhibit a conscious disregard of the safety of others." *Id.* at 300-301 (quoting *Taylor v. Superior Court*, 24 Cal. 3d 890, 897 (Cal. 1979)). The jury could draw the permissible inference from the prior act evidence that Simmons acted with malice when she drove drunk. She was on notice that such conduct could result in death and that she could be charged with murder — she was told so after her DUI conviction.

Third, even if the Court were to reach the question of prejudice, the claim would still be denied. The evidence of guilt was strong. Simmons drove while heavily intoxicated and attempted to evade a police car by engaging in reckless driving (running through seven stop signs, nearly hitting other vehicles, and driving in the wrong lane) at 80 miles an hour. Such evidence would not be outweighed by the introduction of the prior act evidence. Also, the trial court instructed the jury to consider the evidence only as it related to the question of Simmons's knowledge of reckless and drunk driving. The jury was specifically instructed not to consider the evidence as indicative of propensity or character. Jurors are presumed to follow their instructions. *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). If the Court were to consider prejudice, it would have to assume that the jurors followed their instructions.

This claim is DENIED.

## CONCLUSION

The state court's adjudication of Simmons's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Simmons may seek a certificate of appealability from the Ninth Circuit.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** March 12, 2019

WILLIAM H. ORRICK
United States District Judge